[Cite as *State v. Jones*, 2018-Ohio-4493.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TRAVIS JONES, | : | Case No. 18-CA-28 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Licking County
                                 Court of Common Pleas, Case No.
                                 17-CR-00345


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                November 2, 2018


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CLIFFFORD J. MURPHY                       TODD W. BARSTOW
Assistant Prosecuting Attorney            538 South Yearling Rd., Suite 202
20 North Second Street, 4th Fl.           Columbus, Ohio 43213
Newark, Ohio 43055

*Baldwin, J.*

{¶1}   Appellant, Travis M. Jones, appeals the decision of the Licking County Court of Common Pleas denying his motion to suppress evidence. Appellee is the state of Ohio.

STATEMENT OF FACTS AND THE CASE

{¶2}   On December 6, 2016 Detective Tanner Vogelmeier was operating a marked cruiser when Detective Kyle Boerstler asked him to verify appellant's driving status after observing him driving a vehicle. Detective Vogelmeier discovered that appellant's driver's license was suspended and that there were two warrants for his arrest. Later that same day, Detective Boerstler observed appellant driving a 2003 Ford Explorer when he pulled up to a house, exited the vehicle and entered a residence. The appellant came back to the vehicle, drove out to Indiana Street and turned left onto Cedar Street without using a turn signal. Detective Boerstler saw appellant through the windshield of the Ford Explorer from a distance of fifteen feet from his cruiser. He promptly radioed Detective Vogelmeier who made a traffic stop only seconds later.

{¶3}   When Detective Vogelmeier approached the vehicle he immediately recognized appellant from a prior arrest. Further, Detective Vogelmeier had seen appellant driving in the same vehicle with the same license plate number prior to that day. When he arrived at the vehicle, the Detective saw a marijuana pipe in plain sight in the console of the vehicle. After a search incident to the arrest, Detective Vogelmeier discovered a scale and over thirty grams of methamphetamine in appellant's possession. Appellant was placed under arrest and  an indictment was filed charging him with one count of aggravated trafficking in drugs (R.C. 2925.03(A)(2)(C)(1)(d)), a felony of the

second degree; one count of aggravated possession of drugs (R.C. 2925.11(A)(C)(1)(c)), a felony of the second degree; one count of possession of drug paraphernalia (R.C. 2925.14(C)(1)(F)(1)), a misdemeanor of the fourth degree and one count of possession of marijuana (R.C. 2925.11(A)(C)(3)(h)), a minor misdemeanor.

{¶4} Appellant filed a motion to suppress evidence derived from the traffic stop claiming that the 2003 Ford Explorer had "window tint that prevented the officers from identifying Mr. Jones as the driver while it was moving" and the stop was therefore improper. The matter came before the trial court for an oral hearing and the trial court denied the motion. The appellant subsequently plead no contest to the charges and the trial court sentenced the appellant to an aggregate sentence of four (4) years.

{¶5} Appellant filed a timely notice of appeal and submitted one assignment of error:

{¶6} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY OVERRULING HIS MOTION TO SUPPRESS."

### STANDARD OF REVIEW

{¶7} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 154–155, 797 N.E.2d 71, 74, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v. Dunlap*, 73 Ohio St.3d 308, 314, 1995-Ohio-243,652 N.E.2d 988;

*State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See *Burnside,* supra; *Dunlap, supra.*

**{¶8}** Appellant contends that the trial court erred by finding that Detective Boerstler was able to identify appellant as the driver of the vehicle. Appellant is challenging the trial court's factual findings, so we defer to the trial court if competent, credible evidence exists to support those findings.

**{¶9}** After reviewing the testimony from the hearing, appellant concludes "thus, the determination for this court is whether or not the trial court was correct in finding that the testimony of Detective Boerstler competent and credible as to whether Appellant was driving the Explorer." Appellant contends that the detectives' testimony was not competent or credible for three reasons: first, he was not able to see if appellant got back into the Explorer; next, the lighting conditions after 6:00 PM in December were poor; and, finally, the detective had only a few seconds to see into the Explorer.

**{¶10}** Detective Boerstler testified he had clear view of the appellant through the front window of his vehicle from a distance of approximately fifteen feet and denied that the tint of the appellant's windows had any impact on his ability to identify appellant. He confirmed that appellant had committed a traffic offense of failing to signal a turn, his license was suspended and two warrants were issued for his arrest. Detective Vogelmeier completed the traffic stop only seconds after Detective Boerstler identified appellant and his vehicle.

**{¶11}** The trial court found that the appellant failed to use his turn signal, that the law enforcement officers were aware that a person with an outstanding warrant was

operating a motor vehicle and did not have a valid license. The trial court also accepted the detective's testimony regarding the time of approximately fifteen seconds between Detective Boerstler witnessing the operation of the vehicle by appellant and Detective Vogelmeier apprehension of the appellant.

{¶12} As noted above, we are obligated to give deference to the trial court with regard to findings of fact. After reviewing the brief record, we conclude there is sufficient competent credible evidence within the record to support the findings of fact and, therefore, appellant's assignment of error is overruled and the decision of the Licking County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.